# United States District Court
# Central District of California

| | |
|---|---|
| MEIRAV TOREN,<br><br>  Plaintiff,<br><br>  v.<br><br>KEVIN McALEENAN, et al.,<br><br>  Defendants. | Case № 2:19-cv-00569-ODW (FFMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [12]** |

## I.  INTRODUCTION

Defendants Kevin McAleenan, Acting Secretary, Department of Homeland Security, William Barr, Attorney General, and Kenneth T. Cuccinelli, Acting Director, United States Citizenship and Immigration Services ("Defendants")[1] move to dismiss Plaintiff Meirav Toren's ("Toren") Complaint for Mandamus and Declaratory Judgment ("Motion"). (Mot. to Dismiss ("Mot."), ECF No. 12.)  Toren did not oppose the Motion. (*See* Notice of Non-Receipt of Opp'n ("Notice"), ECF No. 13.) For the reasons that follow, the Court **GRANTS** Defendants' Motion.[2]

---

[1] McAleenan, Barr, and Cuccinelli are substituted for their predecessors, Kirstjen Nielsen, Matthew Whitaker, and L. Francis Cissna, respectively.  Fed. R. Civ. P. 25(d). (*See* Mot. 1.)

[2] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Toren initiated this mandamus action "to compel the Defendants . . . to determine eligibility for Toren's Adjustment of Status Application Only." (Compl. ¶ 1, ECF No. 1 (emphasis omitted).)

Toren alleges that she petitioned successfully for an R-1 visa on March 29, 2006. (Compl. ¶ 9.) An R-1 non-immigrant religious worker visa is limited to five years. (Compl. ¶ 9; Mot. 2–3.) The United States Citizenship and Immigration Services ("USCIS") erroneously granted Toren an extension of her R-1 visa to May 6, 2013, two years beyond the five-year limit.[3] (*See* Compl. ¶¶ 9–10; Mot. 3.) When she applied for a further extension, and her attorney failed to respond to USCIS's request for more information, USCIS denied the requested extension on January 16, 2014. (*See* Compl. ¶ 10; Mot. 3.) Her appeal was denied. (Compl. ¶ 10.) Accordingly, her R-1 visa expired in May 2013. (*See* Compl. ¶ 10; Mot. 3–4.)

In January 2014, Toren applied for an I-360 immigrant religious worker visa, which USCIS approved in July 2014. (*See* Compl. ¶ 10; Mot. 2–3.) She then applied to adjust her status to a lawful permanent resident with an I-485 form. (*See* Compl. ¶ 10; Mot. 3–4.) However, USCIS denied her I-485 application because she was out of legal status for more than 180 days after her R-1 visa expired. (Compl. ¶ 10; *see* Mot. 4 (alterations in original) (internal quotation marks omitted) ("Specifically, [plaintiff's] R1 religious worker status expired on May 13, 2013, and plaintiff did not file [her] Form I-485 until July 15, 2014, meaning that plaintiff was out of status for 427 days.").) Toren's subsequent appeals were also denied. (Compl. ¶ 11; *see* Mot. 4.) Thereafter, Toren initiated this mandamus action on January 24, 2019.

Defendants move to dismiss Toren's Complaint on the basis that, in August 2019, USCIS issued a notice to appear, commencing removal proceedings against

---

[3] Toren alleged this date as May 6, 2013, but Defendants' Motion indicates May 13, 2013. (*See* Compl. ¶ 10; Mot. 3.) On a motion to dismiss, the Court construes all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

Toren and depriving the Court of subject matter jurisdiction. (*See* Mot. 4.) Defendants noticed the hearing on the Motion for September 23, 2019, at 1:30 p.m. Thus, pursuant to Local Rule 7-9, Toren's opposition was due no later than September 2, 2019. *See* C.D. Cal. L.R. 7-9 (requiring oppositions to be filed no later than twenty-one days before the motion hearing). As the deadline fell on a national holiday, Toren's opposition was due August 30, 2019, pursuant to the Court's standing orders. *See* Standing Order § VII.A.1, https://www.cacd.uscourts.gov/honorable-otis-d-wright-ii. However, to date, Toren has filed no opposition.

### III. DISCUSSION

Central District of California Local Rule 7-12 provides that the Court "may decline to consider any memorandum or other document not filed within the deadline set by order or local rule." C.D. Cal. L.R. 7-12 ("The failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion. . . ."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

Defendants move to dismiss Toren's Complaint without prejudice. (*See* Mot. 1, 7.) Prior to dismissing an action pursuant to a local rule, courts must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "Explicit findings with respect to these factors are not required." *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion and had "ample opportunity to respond," yet failed to do so. *See Ghazali*, 46 F.3d at 54.

Here, Toren received notice of the motion and had ample opportunity to respond, yet failed to do so. Toren is represented by counsel in this matter and her attorney is a registered CM/ECF user who receives notice of electronic filings in this action. Further, Defendants assert that counsel for both parties met and conferred pursuant to Local Rule 7-3 in advance of Defendants filing the Motion. Thus, Toren and Toren's counsel had notice of the instant Motion but failed to respond. Defendants filed the Motion on August 14, 2019; Toren has had seven weeks to respond. However, Toren has not sought an extension of time to respond or any other relief, nor has she offered an excuse for failing to oppose. She also has not responded to Defendants' Notice of Non-Receipt of Opposition, in which Defendants request that the Court grant the Motion as unopposed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 7-12. (Notice 1.) As such, the Court construes Toren's failure to respond to Defendants' Motion as consent to the Court granting it.

Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** Defendants' Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss. (ECF No. 12.) Consequently, the Court **DISMISSES** Toren's Complaint **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

October 1, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**